IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDY MILLER, an individual,

      Plaintiff,

      v.

ST. CHARLES HEALTH SYSTEM, INC.,
a corporation,

      Defendant.

No. 6:23-cv-1844-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Wendy Miller brings religious discrimination and hostile work environment claims under Title VII of the Civil Rights Act and Oregon law against her former employer, Defendant St. Charles Health System, Inc. ("St. Charles"). Defendant moves to dismiss, arguing Plaintiffs claims suffer from multiple fatal defects. The Court agrees. Because Plaintiff's claims are barred by the corresponding statutes of limitations, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED.

**BACKGROUND**[1]

Plaintiff worked for Defendant for 15 years as a Neonatal Intensive Care Transport Registered Nurse. First Am. Compl. ("FAC") ¶ 5; ECF No. 1, Ex. 3. In Summer 2021, Defendant informed its employees it would begin implementing a vaccine mandate in the

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

workplace. FAC ¶ 7. This mandate was in response to the Oregon Health Authority's August 2021 administrative rule that required healthcare workers to be vaccinated against COVID-19. Defendant informed employees that they could apply for a religious or medical exception to the mandate. FAC ¶ 7. In September 2021, Plaintiff "applied for a religious exemption from the vaccine based on her sincerely held religious beliefs as a devout Christian. Plaintiff was informed her religious exception was accepted." FAC ¶ 8. In October 2021, Plaintiff was placed on unpaid leave. FAC ¶ 9. On February 16, 2022, Plaintiff was terminated. FAC ¶ 9.

Plaintiff exhausted her administrative remedies by filing an administrative charge alleging religious discrimination with the Oregon Bureau of Labor and Industries ("BOLI").[2] FAC ¶ 2. On April 24, 2023, BOLI dismissed Plaintiff's complaint and issued Plaintiff a right-to-sue letter.[3] Gibson Decl., Ex. 1,1; ECF No. 7. That letter provided:

> NOTICE OF RIGHT TO FILE A CIVIL SUIT
>
> This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice.

Gibson Decl. Ex. 1, 1.

Exactly 90 days later, on July 24, 2023, Plaintiff filed a Complaint in state court alleging a state law religious discrimination claim. Compl. ECF No. 1, Ex. 1. About two weeks later, on August 9, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC") adopted

---

[2] Oregon provides employees with options for bringing claims of workplace discrimination. ORS 659A.875. If, as occurred here, an employee chooses to file a complaint with BOLI, the person must "commence a civil action" within 90 days of receiving a right-to-sue letter from BOLI. ORS 659A.875(2).

[3] Generally, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201 so long as the facts are not subject to reasonable dispute, are incorporated into the complaint, and are from sources whose accuracy cannot be reasonably questioned. *Munson v. Wells Fargo Bank*, 2018 WL 6515131, at *2 (D. Or. Dec. 11, 2018) (listing cases). The Complaint references the BOLI and EEOC right-to-sue letters and the Court takes judicial notice of those letters, including the dates of issue and, with respect to the EEOC notice, to whom and where the EEOC mailed the notice.

2 – OPINION AND ORDER

BOLI's findings, dismissed Plaintiff's charge, and issued Plaintiff a "Notice of Rights." Gibson Decl. Ex. 5, 1. That notice provided:

> To: Wendy Miller
> C/o Janzen Legal Services, Llc
> 4550 SW Hall Blvd.
> Beaverton, OR 97005
>
> \* \* \* \*
>
> **NOTICE OF YOUR RIGHT TO SUE**
>
> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

Gibson Decl. Ex. 5, 1.

Although Plaintiff filed the state court Complaint on July 24, 2023, she did not serve Defendant until October 6, 2023. Gibson Decl. Ex. 2. On November 15, 2023, Plaintiff filed the FAC in state court. Gibson Decl. Ex. 4. The FAC contained the state religious discrimination claim found in the original Complaint and included a corresponding federal religious discrimination claim under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. FAC, 7–8. Defendant removed the action to federal court and moved to dismiss Plaintiff's claims. ECF No. 6. On May 20, 2024, the Court heard oral arguments.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual

allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Even assuming, without deciding, that Plaintiff states a claim for religious discrimination or a hostile work environment, the relevant statutes of limitations clearly bar Plaintiff's claims. When exercising supplemental jurisdiction to consider state claims, federal courts turn to state law when addressing statutes of limitations regarding those state claims. *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992). Under Oregon law, a plaintiff who chooses to file a BOLI complaint "must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant[.]" ORS 659A.875(2). In Oregon, when the plaintiff serves the defendant within 60 of filing the compliant, the action "shall be deemed to have been commenced upon the date on which the complaint in the action was filed." ORS 12. 020(2). However, if a plaintiff fails to serve the defendant within 60 days from the date of filing the complaint, "an action shall be deemed commenced . . . when the complaint is filed, and the summons served on the defendant[.]" ORS 12.020(1).

As shown above, on April 24, 2023, BOLI dismissed Plaintiff's complaint and issued a right-to-sue letter. Gibson Decl., Ex. 1,1. Although Plaintiff filed the state court Complaint exactly 90 days later, on July 24, 2023, she did not serve Defendant until October 6, 2023. Gibson Decl. Ex. 2. As October 6, 2023, is more-than 60 days from July 24, 2023, Plaintiff's action "commenced" on October 6, 2023. ORS ORS 12.020(1). As October 6, 2023, is well-beyond 90 days from April 24, 2023, Plaintiff's state law religious discrimination claim is time-barred.

Plaintiff argues that rather than using the 90-day limitation in ORS 659A.875(2), the Court should instead use the five-year limitation found in ORS 659A.875(1)(b). Pl.'s Resp. 7, ECF No. 17. Although Plaintiff is correct that ORS 659A.875(1)(b) contains a five-year statute of limitation, she ignores that ORS 659A.875(1) begins with the qualification, "Except as provided in subsection (2) of this section." And here, Plaintiff explicitly chose to proceed—by filing a complaint with BOLI—under subsection (2) of ORS 659A.875. Therefore, the "except[ion]" to the five-year limitation period of ORS 659A.875(1) applies and, because Plaintiff failed to "commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant," her state claim is time-barred.

Plaintiff's federal claim fares no better.

> Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. 42 U.S.C. This ninety-day period "operates as a limitations period." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citations omitted). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is time-barred. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). However, "the ninety-day time limit on Title VII civil suits does not commence until the plaintiff receives notice of his or her right to sue and [notice of] the date from which the time limit on this right starts to run." *Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549 (9th Cir. 1982); *see also Payayn*, 495 F.3d at 1122. The Ninth Circuit measures "the start of the limitations period from the date on which a right-to-sue notice letter arrived at the

5 – OPINION AND ORDER

> claimant's address of record." *Payan*, 495 F.3d at 1122 (citations omitted). Where the date of actual receipt is unknown or a recipient is not sure when the notice arrived, courts in the Ninth Circuit estimate that date "based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time." *Id.*; *see also Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014). Specifically, the Ninth Circuit applies a rebuttable presumption that mail reaches its recipient three days after the date of mailing. *Payan*, 495 F.3d at 1122. In doing so, the Ninth Circuit presumes that the letter issuance date is also the date on which the letter was mailed. *Id.* at 1123.

*Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2023 WL 5237698, at *3 (D. Or. Aug. 15, 2023) (alteration in original).

As shown above, on August 9, 2023, the EEOC dismissed Plaintiff's charge and mailed Plaintiff, in care of her attorney, a "Notice of Rights." Gibson Decl. Ex. 5, 1. On November 15, 2023, Plaintiff filed the FAC in state court raising, for the first time, a federal claim under Title VII. Gibson Decl. Ex. 4. FAC, 7–8. Perhaps recognizing that November 15, 2023, is more than 60 days from August 12,[4] 2023, Plaintiff alleges that she "received a right-to-sue letter from the [EEOC] on August 23, 2023." FAC ¶ 2. As clearly stated in the notice, however, "Receipt generally occurs on the date that you (*or your representative*) view this document." Gibson Decl. Ex. 5, 1 (emphasis added). As the EEOC notice was mailed to Plaintiff's attorney, the date Plaintiff received the EEOC's letter is irrelevant to any statute of limitations issue. As Plaintiff presents no evidence (or even any argument) to rebut the presumption that her attorney received the notice on August 12, 2023, and because Plaintiff filed her federal claim more than 60 days after August 12, 2023, her Title VII claim is time-barred.

Plaintiff argues her claims:

> should not be dismissed solely on the basis of technical timing discrepancies. Despite minor deviations from "commencement" dates, the Plaintiff clearly demonstrated intent to pursue the claims within the prescribed limitations periods, warranting consideration of the claims on their merits. Dismissing them based solely on technicalities would unjustly deprive the Plaintiff of her day in court.

---

[4] Although EEOC issued the notice on August 9, the Court uses August 12 due to the three-day mailing rule.

6 – OPINION AND ORDER

\* \* \* \*

> Although Defendant presents its version of the relevant statutes, its argument overlooks crucial aspects of the law's intent, practical considerations of legal proceedings, and equitable principles. Defendant's argument hinges on the technicality of when the summons and Complaint were served. However, the law should be interpreted in a manner that upholds its intent rather than focusing solely on procedural details.

\* \* \* \*

> Alternatively, Plaintiff requests that the Court retroactively extend the 90-day deadline to October 6, 2023.

Pl.'s Resp. 5–6, 8.

But the Court sees no reason—even assuming this option was available—to apply equitable tolling under these circumstances. A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (cleaned up). This is a high bar and, generally, "the miscalculation of the limitations period by [] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (quoting *Fry v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) ("We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence. We do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline." (cleaned up) (citations and quotations omitted)). Additionally, the fact that Plaintiff's counsel has a reputation for untimeliness does not help Plaintiff's cause here. The Court will not harp on this factor, but merely notes that the record on this point has, at this time, been established. *See Niemeyer v. NW Permanente*, No. 3:23-cv-00815-IM, 2024 WL

7 – OPINION AND ORDER

665063, at *n.4 (D. Or. Feb. 16, 2024) (listing over one dozen cases in this District in less-than one year where Plaintiff's counsel has been admonished for untimeliness).

The Court agrees with several other judges in this District, interpreting identical statute of limitations arguments regarding right-to-sue notices in recent religious discrimination cases, in concluding that Plaintiff's claims are time-barred. *Johnson v. Allergy and Asthma Ctr. of S. Or., PC*, No. 1:23-cv-00761-CL, 2024 WL 733943, at *3 (D. Or. Feb. 2, 2024) *report and recommendation adopted*, 2024 WL 728831 (D. Or. Feb. 22, 2024); *Craven*, 2023 WL 5237698, at *4; *Bulek v. Kaiser Found. Hosps.*, No. 3:23-cv-01585-MO, (D. Or. Apr. 3, 2024).

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED. This action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 30th day of May, 2024.

                                               _____/s/ Michael McShane_____
                                                       **Michael J. McShane**
                                               **United States District Judge**